**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 2000.

Filed Jan. 17, 2001.

David S. Winston, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE; FORD ELLIOTT, J., EAKIN, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 Appellant, Gregory Brown, appeals the order entered March 15, 2000, which dismissed, without a hearing, his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. After review, we affirm.

¶ 2 The evidence established at Appellant's trial, and viewed in a light most favorable to the Commonwealth as verdict winner, establishes the following factual basis for Appellant's arrest and conviction:

> [O]n December 10, 1993, Philadelphia Police Officer Carmen Cantwell was called to a small variety store located at 2109 Germantown Avenue. When the officer arrived on the scene, he observed a broken rear garage door. [Appellant] and several other individuals were exiting the store in a hurried and "frantic" manner. [Appellant] specifically was seen carrying two cartons of cigarettes. Inside the store, the officer noted that cabinets and display shelves were in disarray, merchandise was scattered about, some shelving was smashed and the cash register was turned upside down. [Appellant] was apprehended and placed under arrest.

PCRA Court Opinion, filed 4/28/2000, at 1–2. Officer Cantwell testified at Appellant's trial that he placed Appellant under arrest as he was leaving the rear of the variety store and that he confiscated, at that time, two cartons of cigarettes, which Appellant was carrying. N.T. Trial, 10/11/94, at 21–22.

¶ 3 Appellant's bench trial was held before The Honorable D. Webster Keogh of the Court of Common Pleas of Philadel-

phia County. On October 11, 1994, following the conclusion of testimony and argument, Appellant was found guilty by Judge Keogh of criminal trespass.[1] However, thereafter, Appellant failed to appear for sentencing, and a bench warrant was issued for his arrest. Appellant was later captured and brought before the Trial Court for sentencing. On February 10, 1997, Judge Keogh sentenced Appellant to one (1) to three (3) years' imprisonment on the criminal trespass conviction. No direct appeal was filed.

¶ 4 Appellant filed his first PCRA petition *pro se* on January 7, 1998. However, the Trial Court erroneously dismissed Appellant's Petition as untimely by order docketed March 4, 1998.[2] Appellant next filed a prompt notice of appeal with our Court on March 16, 1998.

¶ 5 Apparently the PCRA Unit of the Trial Court realized that Appellant's PCRA Petition was dismissed in error and sent Appellant a letter dated June 24, 1998 in which it stated:

IN REVIEWING YOUR APPEAL WE HAVE DETERMINED THAT YOUR PCRA PETITION WAS IN FACT TIMELY FILED. BECAUSE THE CASE IS CURRENTLY ON APPEAL IT WILL BE NECESSARY FOR YOU TO CONTACT SUPERIOR COURT AND REQUEST THAT THE APPEAL BE WITHDRAWN. ONCE THE AP-

PEAL HAS BEEN WITHDRAWN, PLEASE NOTIFY THE PCRA UNIT AND YOUR PRO SE PETITION WILL BE REINSTATED AS A TIMELY FILED PCRA PETITION AND COUNSEL WILL BE APPOINTED FOR YOU.

Letter from PCRA Unit, dated 6/24/98, Docket Entry D 5. In response to the direction of the PCRA Unit, Appellant filed a praecipe with our Court discontinuing his appeal.

¶ 6 Thereafter the Trial Court reinstated Appellant's PCRA Petition and appointed counsel to represent Appellant. Appointed counsel, David S. Winston Esquire, subsequently filed two amended PCRA Petitions on Appellant's behalf. The PCRA Court, after providing Appellant with the notice required by Pa.R.Crim.P. 1507, dismissed Appellant's second amended petition, without a hearing, by order docketed March 15, 2000. The PCRA Court based its ruling on the fact that Appellant failed to support his allegations of trial counsel's ineffectiveness for failure to call witnesses by submitting affidavits from those witnesses. PCRA Court Opinion, *supra*, at 5. This timely appeal followed.[3]

¶ 7 In this appeal to our Court Appellant raises one (1) issue for our consideration:

When counsel is informed by his client of alibi witnesses whose testimony in court could show that he was not pres-

---

1. 18 Pa.C.S.A. § 3503.

2. Since Appellant's PCRA petition is governed by the timing requirements of 42 Pa.C.S.A. § 9545(b), which are applicable to any petition filed under the PCRA, Appellant was required to file his petition within one year from the date his judgment of sentence became final. *Commonwealth v. DiVentura,* 734 A.2d 397, 399 (Pa.Super.1999), *appeal denied,* 560 Pa. 720, 745 A.2d 1218 (1999); *Commonwealth v. Priovolos,* 746 A.2d 621, 625 (Pa.Super.2000), *appeal denied,* 563 Pa. 643, 758 A.2d 1198 (2000). According to § 9545(b)(3), Appellant's judgment of sentence became final at the conclusion of direct review or the expiration of the period for seeking such review. Since Appellant did not file a direct appeal, his judgment of sentence became final thirty days after February 10, 1997, which was March 12, 1997. *See Commonwealth v. Jerman,* 762 A.2d 366, 2000 Pa.Super. 325, ¶ 4 (2000) (when PCRA Petitioner does not file a direct appeal his or her judgment of sentence becomes final thirty days after imposition of sentence). Appellant therefore had until March 12, 1998 to file his first PCRA Petition. As such, his petition filed on January 7, 1998 was clearly timely.

3. Attorney Winston originally filed a letter with the PCRA Court seeking to withdraw pursuant to *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213, 215 (1988) (*en banc*), however he later withdrew the letter. Attorney Winston continues to represent Appellant in this appeal.

ent at the scene of alleged criminal activity, is counsel to be deemed ineffective under PCRA procedure when he fails to investigate these alleged alibi witnesses?

Appellant's Brief at 2.

¶ 8 We begin by noting our standard of review. We have said in a prior case:

When examining a post-conviction court's denial of relief, our scope of review is limited to a determination of whether the court's findings are supported by the record and are otherwise free of legal error. The findings of the post-conviction court will not be disturbed unless they have no support in the record. Additionally we note that there is no absolute right to a hearing pursuant to the PCRA. Rather, the post-conviction court may elect to dismiss a petition if it has thoroughly reviewed the claims and determined that they are utterly without support in the record.

Commonwealth v. Neal, 713 A.2d 657, 660 (Pa.Super.1998) quoting Commonwealth v. Schultz, 707 A.2d 513, 516 (Pa.Super.1997) (internal citation omitted).

¶ 9 To be eligible for relief pursuant to the PCRA, an appellant must first establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). An appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3) and 9544. Finally, the appellant must demonstrate that failure to litigate the issue prior to trial, during trial, or on direct appeal could not have resulted from any "rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(4). Commonwealth v. Williams, 730 A.2d 507, 510 (Pa.Super.1999).

¶ 10 We note that the Commonwealth argues that Appellant has waived any issue as to the ineffectiveness of trial counsel due to his failure to pursue a direct appeal, and cites as authority for this contention the case of Commonwealth v. Stark, 442 Pa.Super. 127, 658 A.2d 816 (1995). In Stark, the appellant pled guilty to a variety of offenses and was sentenced to a term of imprisonment. Id. at 817. Appellant filed a post-sentence motion to modify his sentence asserting that pursuant to the plea agreement with the Commonwealth he should have been given credit in his sentence for time served in other counties. This motion was denied by the trial court, which ruled that Appellant had already been given credit for time served in those counties. After the trial court denied the motion, Appellant filed a notice of appeal to our Court, however the appeal was dismissed by our Court due to defective service of the notice of appeal. Id.

¶ 11 Appellant next filed a PCRA Petition and was appointed counsel. The PCRA petition was denied by the trial court. On appeal to our Court from this denial, appellant raised four issues, one of which was "whether the plea agreement between the Appellant and the Commonwealth . . . should be specifically enforced." Id. at 818. Our Court ruled that this issue was waived pursuant to 42 Pa. C.S.A. § 9544(b) since it should have been raised in a direct appeal. Stark, 658 A.2d at 820–821 (citing Commonwealth v. Eaddy, 419 Pa.Super. 48, 614 A.2d 1203, 1208 (1992), appeal denied, 534 Pa. 636, 626 A.2d 1155 (1993)). Nevertheless, this holding does not mandate that the instant appeal be dismissed.

¶ 12 Significantly in Stark, the appellant, even though represented by new counsel, did not frame the issue in his appeal to our Court, which issue we held to be waived, in terms of trial counsel's ineffectiveness. In Commonwealth v. Pursell, 555 Pa. 233, 724 A.2d 293 (1999), cert. denied, 528 U.S. 975, 120 S.Ct. 422, 145 L.Ed.2d 330 (1999) our Supreme Court noted:

The provisions in the PCRA regarding waiver of issues, coupled with the re-

quirement of proper preservation of issues for appellate review on direct appeals, force a petitioner to frame his claims as "layered" ineffectiveness claims, because there has usually been waiver by previous counsel's failure to raise or preserve the underlying issue the petitioner wants the PCRA court to address. *Id.* at 252, 724 A.2d at 302. Thus, "a claim of ineffectiveness will not be deemed waived where the petitioner has layered the claim by alleging the ineffectiveness of all prior counsel for failing to raise the claim." *Commonwealth v. Allen,* 557 Pa. 135, 143, 732 A.2d 582, 587 (1999). In the case *sub judice* Appellant, unlike the appellant in *Stark,* has properly framed his issue in terms of an assertion of trial counsel's ineffectiveness. Consequently, we will not consider Appellant's issue waived.

¶ 13 We find additional support for our conclusion from the case of *Commonwealth v. Knighten,* 742 A.2d 679 (Pa.Super.1999), *appeal denied,* 563 Pa. 659, 759 A.2d 383 (2000). In *Knighten,* the appellant was convicted of a number of theft offenses and also pled guilty to a number of others. After he was sentenced he did not file a direct appeal. Instead he filed a PCRA petition which was denied by the trial court.

¶ 14 On appeal, our Court did not find appellant's claims to have been waived for failure to file a direct appeal. To the contrary, we held that because appellant had no intervening substitution of counsel between his trial counsel and the time of his *pro se* filing of his PCRA petition, the PCRA was his first opportunity to raise allegations of trial counsel's ineffectiveness. Thus we concluded:

> [I]f there is no intervening substitution of counsel, there is no waiver of claims of ineffective assistance of counsel by virtue of the failure to raise them on direct appeal.

*Id.* at 682–683.

¶ 15 Hence, in the instant case, as in *Knighten,* we decline to find that Appellant

has waived his allegations of ineffectiveness due to his failure to file a direct appeal since this proceeding afforded him his first opportunity to raise issues of trial counsel's ineffectiveness. *See also Commonwealth v. Breakiron,* 556 Pa. 519, 528, 729 A.2d 1088, 1092 (1999), *cert. denied,* 528 U.S. 1169, 120 S.Ct. 1193, 145 L.Ed.2d 1098 (2000) (issue not waived when PCRA Petitioner raised issue at the first opportunity he was no longer represented by trial counsel); *Commonwealth v. Green,* 551 Pa. 88, 92, 709 A.2d 382, 384 (1998) (claim of ineffectiveness must be raised at the earliest possible stage in proceedings at which counsel whose effectiveness is challenged no longer represents defendant). We will therefore address Appellant's allegation that trial counsel was ineffective in failing to investigate and present the testimony of several alleged alibi witnesses.

¶ 16 The standard for determining ineffective assistance of counsel is well settled. In order to succeed on an ineffectiveness of counsel claim, the petitioner is required to make the following showing: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball,* 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). We presume counsel is effective and place upon appellant the burden of proving otherwise. *Commonwealth v. Carpenter,* 555 Pa. 434, 449, 725 A.2d 154, 161 (1999) citing *Commonwealth v. Marshall,* 534 Pa. 488, 633 A.2d 1100 (1993).

¶ 17 As our Supreme Court has also stated:

> To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, the [appellant] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or

should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

*Commonwealth v. Fletcher*, 561 Pa. 266, 292, 750 A.2d 261, 275 (2000). Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. *Commonwealth v. Auker*, 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996). "A failure to call a witness is not per se ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Id.*

¶ 18 Before reviewing the PCRA Court's disposition of Appellant's claim, we are compelled to point out the error in the PCRA Court's stated policy of requiring that a PCRA petitioner submit affidavits of witnesses *before* holding an evidentiary hearing. *See* PCRA Court Opinion at 5. The relevant governing statutory provision, 42 Pa.C.S.A. § 9545(d)(1), does not require affidavits from proposed witnesses to be submitted by the PCRA Petitioner prior to ordering an evidentiary hearing. Section 9545(d)(1) provides as follows:

(D) EVIDENTIARY HEARING.—

(1) Where a petitioner requests an evidentiary hearing, the petition shall include a signed **certification** as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1) (emphasis supplied).

¶ 19 Thus, where a petitioner requests an evidentiary hearing, as Appellant did in this instance, the petition must include only a signed certification as to each intended witness and the petitioner must also provide the witness's name, address, date of birth and the substance of the proposed testimony.[4] However there is no requirement in the statutory language that this certification be in the form of a sworn affidavit. "By definition an affidavit is a statement of facts confirmed by oath before a judicial officer having authority to administer the oath." *Commonwealth v. Chandler*, 505 Pa. 113, 118, 477 A.2d 851, 853 (1984); *See also* 1 Pa. C.S.A. 1991 (an affidavit is "[a] statement in writing of a fact or facts signed by the party making it, sworn to or affirmed before an officer authorized by the laws of this Commonwealth to take acknowledgments of deeds, or authorized to administer oaths, or before the particular officer or individual designated by law as the one before whom it is to or may be taken, and officially certified to in the case of an officer under his seal of office."). The certification provided for in Section 9545(d)(1) requires no such oath or sworn affirmation before a judicial officer.

¶ 20 In addition, the notes from the legislative history pertaining to the enactment of this statutory section indicate that the legislature expressly considered the question of whether a PCRA petitioner would be required to obtain a sworn or notarized

---

4. Pennsylvania Rule of Criminal Procedure 1502 also provides similar requirements which govern a PCRA Petitioner's request for an evidentiary hearing:

**Rule 1502. Content of Petition for Post-Conviction Collateral Relief; Request for Discovery.**

(A) A petition for post-conviction collateral relief ... shall contain substantially the following information:

(15) if applicable, any request for an evidentiary hearing. The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition; and

(16) if applicable, any request for discovery. Pa.R.Crim.P. 1502(A)(15) and (16).

statement from a proposed witness in order to have the witness testify at an evidentiary hearing. A principal architect of the 1995 Legislative Amendments to the PCRA, Senator Stewart Greenleaf, spoke on this question as follows:

> In addition, when we held the hearing there was concern about the fact that when you file a petition, we want to make sure that it is a meritorious petition, we do not want to have a frivolous petition, that there are some witnesses that would be available to testify, so the original bill required that each witness had to sign a statement and have a notarized, sworn statement at the end of the statement indicating that this was a true and correct representation of what he would testify to at the coming collateral hearing. There were objections to that, feeling that that was too onerous to require a defendant to go out and obtained notarized statements from all of his witnesses, some of which would be hostile witnesses, and I agreed with that.
>
> So as a result, this amendment allows a defendant to merely present a summary of the statement so we know generally what that witness is going to say and merely sign a certification. Either the witness, his attorney, the defendant's attorney, or the petitioner himself, the defendant himself can sign a certification saying to his best knowledge that this was an accurate statement of what the witness would testify to. So I think it is an effort, again, not to take anyone's rights away from him but also to help that defendant in the processing of his appeal and hopefully to make it easier for him to obtain a hearing, which we want him to obtain.

Pa. Senate Journal, 1st Spec. Sess., June 13, 1995, at 217. After Senator Greenleaf's remarks, the Senate voted to adopt the bill, which amended 42 Pa.C.S.A. § 9545 to specifically include the current language requiring the submission of a certification and not a notarized affidavit.

*Id.* This language was retained in the statute after final legislative approval by the House. Therefore, consistent with this express legislative intent, we hold that Appellant was not required to attach sworn affidavits to his PCRA petition in support of his request for an evidentiary hearing. *See e.g. Commonwealth v. DeFusco,* 378 Pa.Super. 442, 549 A.2d 140, 143, n. 2 (1988), *appeal dismissed,* 523 Pa. 425, 567 A.2d 1043 (1990) ("Although the statements and views voiced by the legislators during the floor debates are not controlling in ascertaining legislative intent, they are a legitimate aid in construing a statute and warrant due consideration.")

¶ 21 Nevertheless, as set forth above, in order to have witnesses testify at an evidentiary hearing, Appellant was required to provide a signed certification as to each witness, which he failed to do. In fact Appellant provided no certification with respect to any witness in either his *pro se* or amended PCRA Petitions. Since Appellant failed to provide any certification with respect to potential witnesses, the Trial Court clearly did not abuse its discretion by failing to conduct an evidentiary hearing. Obviously the Trial Court was not required to conduct an evidentiary hearing when there were no witnesses presented to the Court who could give admissible testimony at such a hearing.

¶ 22 The witnesses Appellant claims should have been called at trial allegedly lived in the neighborhood of the location of the incident. Appellant baldly asserts that these witnesses would place him, at the time of the robbery, as walking one block away with some friends, but not coming out of the grocery store as stated by police. Appellant's Brief at 3. However, the PCRA Court correctly found that Brown failed to either identify these witnesses or detail their proposed testimony in any degree of specificity.

¶ 23 As evidence to support his assertions, Appellant offered the addresses of six (6) locations where he believed that witnesses to the events surrounding his

arrest could be found. *See* Letter to PCRA Counsel, attached to Amended PCRA Petition, filed November 19, 1998. However Appellant provided the name of only one prospective witness, a person whom he identified as "Ms. Markhee, 520 West Diamond Street." *Id.* Appellant merely described the five other unnamed witnesses by the location of their residence, i.e. "Spanish house, 519 West Diamond Street," "Spanish house 521 West Diamond Street," "Black house, 522 West Diamond Street," "Dry Cleaner, 515 West Diamond Street" and "Store, 517 West Diamond Street." *Id.*

¶ 24 The PCRA Court allocated funds to Appellant's PCRA counsel so that he could hire an investigator to locate the witnesses, and counsel retained an investigator for this purpose. Subsequently, Appellant's PCRA counsel supplied to the PCRA Court a report by the investigator. The investigator noted in his report that he stopped at all of the addresses which Appellant gave as locations where possible witnesses could be found. *See* Investigator's Report, attached as Exhibit B to Appellant's Memorandum of Law in support of his PCRA Petition, filed March 18, 1999. However, the investigator did not find a Ms. Markhee at the 520 West Diamond Street Address, and the person who had been living at that address at the time of the Appellant's arrest, a Ms. Maudi Roulhac, knew nothing about the arrest. *Id.* The investigator also indicated that though he visited all of the other addresses given by Appellant, he was unsuccessful in locating any other witnesses who saw the arrest of Appellant. *Id.*

¶ 25 Since Appellant did not identify the five unnamed witnesses he could not prove that they in fact existed, that trial counsel was aware or should have been aware of them, that they were available for trial or that they would have offered testimony helpful to his defense. As a result, Appellant cannot prevail on his claim of ineffective assistance of trial counsel for failing to locate or call these witnesses at trial.

*Fletcher, supra. See also Pursell, supra,* (appellant failed to make even a prima facie claim of trial counsel's ineffectiveness for failure to call witnesses when appellant did not name the witnesses or show that they would have testified on his behalf); *Commonwealth v. Aycock,* 323 Pa.Super. 62, 470 A.2d 130, 134 (1983) ("The bare assertion that counsel failed to call unnamed witnesses is an insufficient basis for relief.")

¶ 26 Likewise, Appellant did not offer any evidence whatsoever to prove the existence of Ms. Markhee or the substance of what Ms. Markhee could possibly have testified to at trial, nor did he establish that Ms Markhee was known or should have been known to trial counsel or that she was willing and available to testify at trial on behalf of Appellant. He therefore cannot establish that trial counsel was ineffective for failing to locate and call her as a witness at trial. *Fletcher, supra; See also Commonwealth v. Lopez,* 559 Pa. 131, 150, 739 A.2d 485, 496 (1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 2203, 147 L.Ed.2d 237 (2000) (trial counsel will not be deemed ineffective for failing to call two witnesses which appellant specifically named in his PCRA Petition, since appellant did not provide any objective proof that the witnesses actually existed or were willing to testify on his behalf); *Commonwealth v. Jones,* 438 Pa.Super. 306, 652 A.2d 386 (1995), *appeal denied,* 541 Pa. 635, 663 A.2d 688 (1995) (where trial counsel is alleged to have been ineffective for failing to call witnesses but there is no positive evidence that witness would have provided testimony helpful to the defense there is no evidentiary basis for grant of new trial).

¶ 27 Lastly, we note that in his brief Appellant includes one sentence stating that counsel was ineffective because Appellant had informed him he wished to testify on his own behalf, but failed to call him to the witness stand. Appellant's Brief at 3. Aside from this bald statement, Appellant fails to make any supporting argument on this allegation. We have

reviewed the original *pro se* PCRA petition, and the two amended petitions filed by counsel, and find that Appellant failed to raise this issue before the PCRA Court. This Court is a reviewing court, and we are unable to determine issues presented for the first time on appeal. *See Commonwealth v. Basemore,* 560 Pa. 258, 274, 744 A.2d 717, 726 (2000); *Commonwealth v. Wallace,* 555 Pa. 397, 406 n. 5, 724 A.2d 916, 921 n. 5 (1999) (stating that issues not raised in the PCRA petition and presented to the PCRA court are not eligible for appellate review). Therefore, this issue is waived.

¶ 28 Accordingly, we affirm the PCRA Court's denial of relief.

¶ 29 Order affirmed.