J-S33027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SOPHANA SOVANN | |
| Appellant | No. 1230 EDA 2014 |

Appeal from the PCRA Order April 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012793-2008

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 17, 2016**

Sophana Sovann appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] After careful review, we affirm.

On January 14, 2010, Sovann was found guilty by a jury of third-degree murder, criminal conspiracy, and firearms not to be carried without a license. He was sentenced to an aggregate term of 30-60 years of incarceration.

The trial court aptly set forth the facts of the case as follows:

---

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

On July 27, 2008, [the victim], Ratseiey Yun, also known as K9, and Appellant resided on the same block of South 15th Street with his family two houses away in Philadelphia, PA. N.T. 1/6/10, at 171 -72, 175; N.T. 1/11/10, at 67. Appellant testified that at the age of twelve (12) he was forced to become a member of a neighborhood gang called the TRGs and that he and Yun were brothers in the gang. N.T. 1/11//10, at 68 -71, 73. At some point at the end of 2007[,] Appellant told Yun that he no longer wanted to be in the gang or be a party to what Yun was doing and didn't want to become like Yun. *Id.* at 73. Appellant stated that this angered Yun and that Yun kidnapped his younger brother and shot gunfire at his home to persuade Appellant to return to the gang. *Id.* at 73, 79-80. Later, Yun began harassing Appellant and demanded that Appellant give him money. *Id.* at 76 -77. In an effort to stop Yun's conduct, Appellant obtained handguns from a male known to him as 'Bayah', and the two males, along with Johnny Un and co-defendant Ricky Chhea went looking for Yun to confront him.

Appellant, armed with a .45 caliber handgun and Chhea with a .25 caliber handgun, instructed Un to find Yun. He further instructed Un to tell Yun that Appellant had the money Yun demanded and to meet Appellant around the corner from their homes. N.T. 1/6/10, at 151. When Yun arrived at the designated meeting place he asked Appellant where the money was, and Appellant and Chhea began firing their weapons at Yun. [] In total, sixteen (16) shots were fired by Appellant and Chheas' weapons, hitting Yun in the chest, stomach, and torso. N.T. 1/7/10, at 23[;] N.T. 1/8/10, at 67, [] 71-72; N.T. 1/6/10, at 73-74.

After the shooting Yun was able to get himself back to the front of his house where he told his mother that Appellant shot him. N.T. 1/6/10, at 171-72. The police arrived shortly thereafter and Yun also stated to Philadelphia Police Officer James Dougherty that Appellant shot him. Yun was then transported to Jefferson Hospital where he died from the injuries sustained during the shooting. *Id.* at 80.

Before being transported to the hospital, Yun pointed out where Appellant lived to Officer Dougherty who went to that location and arrested the Appellant. Appellant was transported to police headquarters where he cooperated with officers and gave them an inculpatory statement admitting that he and his co-defendant, Chhea, shot Yun. He explained that Yun had been

threatening him and demanding money, and that Yun had been harassing Appellant's family. Appellant further stated that he intended to kill Yun. Appellant's co-defendant also gave a statement to police admitting that he and Appellant shot and killed Yun. *Id.* at 111-13.

Trial Court Opinion, 11/12/14, at 2-3.

At trial, Sovann offered the defense that he acted "in the heat of passion"[2] when he shot the victim in retaliation for the victim having kidnapped his brother, Seary, six months earlier.[3] Sovann filed an unsuccessful direct appeal and petition for allowance of appeal.

On September 1, 2010, while represented by counsel, Sovann filed the instant PCRA petition *pro se*. Several new attorneys were appointed from 2011 through 2014 to represent Sovann on his PCRA petition. Many of these lawyers were seemingly permitted to withdraw, although the record is unclear on this issue. The court dismissed Sovann's petition on April 4, 2014. Sovann filed a timely *pro se* appeal from the dismissal of his PCRA petition. As a result of the "abject failure" of attorneys to take any action on

---

[2] A person is guilty of "heat of passion" voluntary manslaughter if, at the time of the killing, he reacted under a sudden and intense passion resulting from serious provocation by the victim. *Commonwealth v. Miller*, 987 A.2d 638 (Pa. 2009) (quoting *Commonwealth v. Ragan*, 743 A.2d 390, 396 (Pa. 1999)). The "heat of passion" encompasses emotions such as anger, rage, sudden resentment or terror, which renders the mind incapable of reason. *Commonwealth v. Browdie*, 671 A.2d 668, 671 (Pa. 1996).

[3] The victim, Sovann, and his younger brother, Seary, were all involved in local gangs. The victim allegedly kidnapped Seary to coerce Sovann to rejoin the victim's gang.

behalf of Sovann, our Court remanded the case for a ***Grazier***[4] hearing to determine whether Sovann wished to proceed *pro se* in this collateral appeal. ***Commonwealth v. Sovann***, 1230 EDA 2014 (filed July 23, 2015) (Pa. Super. 2015) (memorandum decision). On remand, the court held the ***Grazier*** hearing and determined that "counsel had not abandoned Appellant and that Appellant does not wish to proceed *pro se*, but, rather, desires counsels' continued representation." ***Grazier*** Hearing Determination, 9/1/15. Accordingly, the court ordered Todd Michael Mosser, Esquire, to continue to represent Sovann on appeal. ***Id.***

In his counseled brief, Sovann presents the following two issues for our consideration:

> (1) Did the PCRA court err by holding that trial counsel was not ineffective for failing to present crucial defense testimony?
>
> (2) Was PCRA counsel ineffective for failing to properly present the claim of trial counsel's ineffectiveness?

With respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. ***Commonwealth v. Spotz***, 47 A.3d 63, 76 (Pa. 2012). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the

---

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

petitioner suffered prejudice because of counsel's action or inaction. ***Id.*** (citation omitted). Moreover, to prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, a defendant must show:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudice appellant. ***Commonwealth v. Fletcher***, [] 750 A.2d 261 (2000). Thus, trial counsel will not be found ineffective for failing to investigative or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. ***Commonwealth v. Auker***, [] 681 A.2d 1305, 1319 (1996).

***Commonwealth v. Brown***, 767 A.2d 576, 581-82 (Pa. Super. 2001).

Instantly, Sovann claims that his brother, Seary, should have been called as a witness at his trial to corroborate Sovann's story that he killed the victim because the victim had kidnapped Seary. This testimony, Sovann contends, was crucial to his defense and supported a voluntary manslaughter conviction rather than a first or third-degree murder verdict.

Attached to Sovann's PCRA petition is a signed statement from Seary explaining that he was willing to testify that the victim had kidnapped him and held him hostage. Thus, three of the ***Brown*** prongs for ineffectiveness have been proven. The crux of the matter in this case, therefore, is whether the absence of Seary's testimony prejudiced his brother. We conclude it did not.

First, as the Commonwealth points out, Sovann's sister, Sopheap, testified in detail about how she recovered her younger brother, Seary, who had been kidnapped by the victim and held in exchange for Sovann. N.T. Jury Trial, 1/11/10, at 37-51. She explained how the victim contacted her to arrange a transfer of Seary for Sovann and how she rescued Seary from a house at 5th and Tasker, without the victim knowing, after Seary had been missing from her family home for over a day. Therefore, Seary's testimony about his being kidnapped would have been cumulative of his sister's testimony. *Commonwealth v. Meadows*, 787 A.2d 312, 320 (Pa. 2001).

Second, at the time of trial, Seary was housed in a juvenile delinquent facility, having been arrested on a gun charge. We find that it was reasonable for counsel to choose to have Sopheap testify, rather than Seary, where the jury would likely find Sopheap more credible than her brother. *Meadows*, *supra*.

Third, the fact that the kidnapping occurred six months prior to the instant shooting negates any heat of passion defense to support a manslaughter verdict. *Commonwealth v. Busanet*, 54 A.3d 35, 55 (Pa. 2012) (whether provocation by victim sufficient to support heat of passion defense is determined by an objective test; if there is "time to cool, and reason has resumed its sway, the killing will be murder.").

Therefore, under the facts of this case Sovann was not prejudiced by counsel's failure to present his brother's testimony at trial where: (1) the testimony was cumulative of his sister's testimony regarding Seary being

kidnapped by the victim; (2) Seary's credibility would have been a factor for the jury where he was being housed in a juvenile detention facility for drug charges at the time of trial; (3) and the testimony did not support a heat of passion defense where the kidnapping occurred six months prior to the instant shooting. Because the absence of the testimony did not prejudice Sovann, trial counsel cannot be deemed ineffective. *Fletcher*, *supra*; *Spotz*, *supra*. It follows that PCRA counsel was also not ineffective for failing to raise a claim of trial counsel's ineffectiveness.

Order affirmed.

DONOHUE, J., Did not participate in the consideration or decision of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016