J-S21033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAYA DANEE JOHNSON | : | |
| | : | |
| Appellant | : | No. 2137 EDA 2023 |

Appeal from the PCRA Order Entered July 18, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003858-2017

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 6, 2024**

Maya Danee Johnson (Appellant) appeals from the order dismissing, without a hearing, her first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously recited the relevant factual history:

> Detective Thomas J. Schreiber works for the Radnor Township Police Department. In 2017, his department received a Childline referral from Children and Youth Services of Delaware County. The referral concerned a teacher's aide who had shown inappropriate materials to a juvenile at Presbyterian Children's Village, which is a residential treatment facility for children with behavioral and mental health issues located in the township. … The cottages [located on the property] are used as dormitories for the students. Each cottage has an aide who is responsible for the residents living in the cottage.
>
> As part of his investigation, Detective Schreiber interviewed five children (girls) at the facility. Appellant[, who was approximately 30 years old at the time,] was the aide in charge of the cottage the girls lived in. The girls told Detective Schreiber Appellant showed them a photo of herself in purple lingerie[,]

where her breast area could be plainly seen. The girls who saw the photo told Detective Schreiber they were taken [a]back by it. The girls also reported seeing a video where Appellant flashed her buttocks area. Thereafter, Detective Schreiber applied for an arrest warrant for Appellant[,] as well as a search warrant for her personal iPhone. Using the search warrant[,] Detective Schreiber performed a [data] extraction of Appellant's iPhone and recovered several videos and photos which matched the photos and videos … described to him by the [girls]. Admitted into evidence[,] as Commonwealth Exhibit C-1[,] was a set of three photos found on Appellant's iPhone[,] which matched the description of the lingerie that the girls described to Detective Schreiber. There were also approximately five to nine close-up videos that showed female genitalia masturbating. These videos were significant for Detective Schreiber's investigation[,] because they also matched the description previously told [to] him by the [girls] that they were shown a video of somebody "playing with herself" up close, by Appellant. The videos were admitted into evidence as Commonwealth Exhibit C-3.

Three of the girls testified at trial and corroborated the allegations testified to by Detective Schreiber. M.S. was seventeen at the time of the incident. She testified that Appellant showed her and another girl a picture of [Appellant] in lingerie with her breasts exposed. She identified Commonwealth Exhibit C-1 as the pictures she was shown. M.S. testified the pictures made her feel uncomfortable.

S.H. was sixteen at the time of trial and approximately fourteen at the time of the incident. She testified that Appellant showed her and other girls a video of [Appellant] masturbating. She was shown the video by Appellant in the staff room at the [c]ottage where she resided. S.H. testified the video made her feel uncomfortable and "grossed out." S.H. also testified that Appellant on one occasion exposed her buttocks to her while S.H. was in her bedroom and Appellant was in the upstairs hallway of the [c]ottage. S.H. generally felt uncomfortable with Appellant because Appellant was always talking about sex.

M.L. was seventeen at the time of trial and approximately fifteen at the time of the incident. She testified Appellant showed her and four other girls a video of [Appellant] masturbating[,] corroborating S.H.'s testimony. She also corroborated S.H.'s testimony about being "mooned" by Appellant.

*Commonwealth v. Johnson*, 270 A.3d 1142, 1395 EDA 2020 (Pa. Super. filed Dec. 15, 2021) (unpublished memorandum at 1-3) (quoting Trial Court Opinion, 9/16/20, at 1-4) (citation to record and some brackets omitted).

The trial court convicted Appellant of three counts of corruption of minors. On June 8, 2020, the trial court sentenced Appellant to an aggregate 4 to 36 months' incarceration, followed by four years' probation. Appellant filed a timely post-sentence motion challenging the discretionary aspects of her sentence, as well as the weight and sufficiency of the evidence supporting her convictions. Following a hearing, the trial court granted reconsideration of Appellant's sentence, and resentenced Appellant to time served to 23 months' incarceration, followed by four years of probation. The court denied Appellant's post-sentence motion in all other respects.

This Court subsequently affirmed Appellant's judgment of sentence. *See Johnson*, *supra* (unpublished memorandum). Appellant did not seek review in the Pennsylvania Supreme Court.

On January 17, 2023, Appellant, through counsel, filed the instant timely PCRA petition. Therein, Appellant argued trial counsel was ineffective for failing to put forth favorable defense evidence and testimony. The Commonwealth filed a motion to dismiss Appellant's PCRA petition, citing Appellant's failure to include the required certifications from her alleged potential witnesses.

On June 2, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without an evidentiary hearing, based on the Commonwealth's reasoning in its motion to dismiss. Appellant did not respond to the Rule 907 notice. On July 18, 2023, the PCRA court entered an order dismissing Appellant's PCRA petition.

Appellant filed a timely notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for review: "Did the PCRA [c]ourt err when it dismissed [Appellant's] PCRA petition without an evidentiary hearing?" Appellant's Brief at 1.

Appellant argues the PCRA court abused its discretion by denying her request for an evidentiary hearing, where she raised issues of material fact regarding trial counsel's ineffectiveness. *See id.* at 6-10. Appellant explains her defense theory was that the complainants fabricated the allegations against Appellant. *Id.* at 8. In particular, Appellant highlights the following incident:

> [M]ere days before one of the first complainants (M.O.) claimed to have seen a photo (only) of [Appellant], M.O.'s close friend was disciplined by [Appellant]. This person, [J.B.] (who was eighteen years old at the time) was combative, rude, disrespectful and broke several rules when the girls were all supposed to go to bed. Several staff members saw this escalating behavior happening. None of them did anything to stop this behavior. [Appellant] was the only one who did anything about it. She wrote [J.B.] up and banned her from an outing to take place on the following evening. Days later, [J.B.], along with her friend M.O., were the first to report that [Appellant] showed them what they claimed to be an inappropriate picture.

- 4 -

*Id.* at 8-9 (paragraph breaks omitted).

Appellant argues trial counsel was ineffective for failing to elicit testimony about the testifying complainants' reputation for dishonesty. *Id.* at 9.[1] Appellant also claims trial counsel "could have subpoenaed any of the staff members involved in that incident for testimony as well as the written documentation attendant to the disciplinary process…." *Id.*

"Our standard of review for issues arising from the denial of PCRA relief is well[ ]settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). Further,

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted).

---

[1] We observe that Appellant's brief is little more than a recitation of her PCRA petition and includes only cursory citations to legal authority. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012).

Section 9545(d) of the PCRA sets forth, in relevant part, the certification requirement for an evidentiary hearing:

> **(d) Evidentiary hearing.--**
>
> **(1)** The following apply:
>
> **(i)** Where a petitioner requests an evidentiary hearing, **the petition shall include a certification signed by each intended witness** stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.
>
> **(ii)** If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include

a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and postconviction counsel.

**(iii)** Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d) (emphasis added). "[T]here is no requirement in the statutory language that this certification be in the form of a sworn affidavit." ***Commonwealth v. Brown***, 767 A.2d 576, 582 (Pa. Super. 2001).

Here, the PCRA court concluded "[t]he allegations in the [PCRA p]etition are no more than self-serving and speculative statements." PCRA Court Opinion, 9/13/23, at 6. The PCRA court emphasized that Appellant failed to provide certifications from potential witnesses, or any other documents material to the witnesses' testimony, in contravention of Section 9545(d). ***Id.***

Our review confirms the PCRA court's determination. Appellant baldly asserts trial counsel should have subpoenaed "any of the staff members involved" in the incident involving J.B. However, Appellant failed to include the required signed certifications as to each intended witness, complete with the information required by Section 9545(d)(1)(i). Nor did Appellant provide

a petitioner-signed certification under subsection 9545(d)(1)(ii). Indeed, Appellant fails to even identify the relevant staff members by name. "Obviously the [PCRA c]ourt was not required to conduct an evidentiary hearing when there were no witnesses presented to the [c]ourt who could give admissible testimony at such a hearing." *Brown*, 767 A.2d at 583; *see also* 42 Pa.C.S.A. § 9545(d)(1)(iii).

Because Appellant failed to identify and include certifications from the purported witnesses, "[s]he could not prove that they in fact existed, that trial counsel was aware or should have been aware of them, that they were available for trial or that they would have offered testimony helpful to h[er] defense." *Brown*, 767 A.2d at 584. Further, Appellant did not offer any evidence concerning the substance of the purported witnesses' testimony.[2] Appellant therefore failed to establish arguable merit to her claim of ineffective assistance of trial counsel. *See id.*

Accordingly, we affirm the order dismissing Appellant's first PCRA petition without a hearing.

Order affirmed.

---

[2] Appellant also appears to challenge trial counsel's failure to impeach the testifying complainants during trial. Appellant waived this claim, as she failed to fully develop her argument or cite to the Pennsylvania Rules of Evidence or other relevant case law. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/6/2024