J-S85036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALPH HERBERT DEEP, JR. | |
| Appellant | No. 1149 WDA 2017 |

Appeal from the Judgment of Sentence Entered July 7, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0005035-2014

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 16, 2018**

Appellant, Ralph Herbert Deep, Jr., appeals from the July 7, 2017 judgment of sentence imposing an aggregate two to four years of incarceration for aggravated assault and related offenses.  We affirm.

The trial court's opinion provides a brief summary of the pertinent facts:

> The charges in this case arose out of an investigation of [Appellant] in connection with two incidents that occurred in a Trafford neighborhood, in Westmoreland County, on October 11, 2014.  The first incident involved [Appellant] entering the front yard of his neighbor's property holding a rifle and saying that, 'When I find you, I'm going to shoot you.'  The second incident involved [Appellant's] refusal to comply with police officers' commands to drop his weapon and he continued to advance towards the officers while pumping a shotgun.

Trial Court Opinion, 9/18/17, at 1.

After Appellant pled guilty and then successfully withdrew his plea, this case proceeded to a jury trial that occurred on September 12-14, 2016.  The

jury found Appellant guilty of two counts of aggravated assault, terroristic threats, institutional vandalism, and public drunkenness.[1]   The trial court imposed a two to ten year sentence on January 26, 2017, and Appellant filed post-sentence motions seeking reconsideration of the sentence and alleging ineffective assistance of counsel.[2]   In order to obtain review of counsel's effectiveness on direct review, Appellant agreed to waive his right to seek collateral relief.  The trial court denied a new trial based on counsel's alleged ineffectiveness, but granted reconsideration and imposed a sentence of two to four years of incarceration on July, 7, 2017.  This timely appeal followed.

Appellant presents the following question for our review:

---

[1]   18  Pa.C.S.A.   §§ 2702(a)(6),  2706(a)(3),  3307(a)(3),  and  5505, respectively.

[2]   Appellant did not file his post-sentence motions within ten days of the January 26, 2017 sentence, as required under Pa.R.Crim.P. 720.  Appellant nonetheless sought and received permission to file post-sentence motions *nunc pro tunc*.  According to counsel's handwritten date at the end of his *nunc pro tunc* motion, the motion was filed on Monday, February 27, 2017, the thirtieth day of the appeal period.  A handwritten date on the trial court's order indicates that the court granted relief on the same date.  Another handwritten notation on the order indicates that the assistant district attorney consented to the order on February 27, 2017.  We observe that the motion and order are time-stamped March 7, 2017, and the certified docket indicates March 7, 2017 as the date of receipt of Appellant's motion.  Given the agreement among the prosecution, defense, and trial court that the motion was filed and granted on February 27, we will treat the March 7 time stamp as the result of a breakdown in the court's filing system.  Because Appellant sought and received, within thirty days of the January 26, 2017 judgment of sentence, the trial court's express permission to file post sentence motions *nunc pro tunc*, the court's jurisdiction did not lapse.  **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003).

Whether the court below erred in finding that Appellant was not entitled to a new trial due to the ineffective assistance of trial counsel in the following particulars:

    a. Referring to Appellant as an 'idiot' and 'stupid drunk' in his closing;

    b. Advising the jury that Appellant's actions were reckless during his closing;

    c. Encouraging the jury to convict [Appellant] of certain offenses; and

    d. Failing to call Donna DiCesare as a witness.

Appellant's Brief at 3. As noted above, Appellant's ineffective assistance claims were the subject of a hearing before the trial court. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court held that a defendant can obtain review of claims of ineffective assistance of counsel on direct appeal if he executes a waiver of his subsequent right to seek relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellant requested direct review of his ineffective assistance claims because of his short sentence.[3] The **Holmes** Court acknowledged short

---

[3] In his brief, Appellant states that he will likely be paroled before the conclusion of his direct appellate review. Appellant's Brief at 5 n.1. We remind Appellant that parolees are eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). Regardless, we will not disturb the trial court's decision to accept Appellant's waiver and conduct a hearing on his ineffective assistance claims. The trial court explained: "At the time of filing post-sentence motions, [Appellant] had already served 1½ years [of] incarceration." Trial Court Opinion, 9/18/17, at 6. "As [Appellant's] case involves a short sentence, and he has expressly, knowingly, and voluntarily waived PCRA review, this Court is of the opinion that [Appellant's] claims of ineffective assistance of counsel are appropriately before this court on direct appeal." **Id.**

sentences as good cause to request direct review of ineffective assistance claims. *Holmes*, 79 A.3d at 578-79. The *Holmes* Court further specified that a PCRA waiver must acknowledge (1) the exhaustion of a defendant's first PCRA petition and (2) that any further collateral attack is subject to § 9545(b) of the PCRA.[4] *Id.* at 579. Appellant's waiver, attached as "Exhibit A" to his *nunc pro tunc* post sentence motion, complies with *Holmes*. We will therefore review the merits.

To succeed on a claim of ineffective assistance of counsel, the defendant must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775 ,780 (Pa. Super. 2015 (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015). A petitioner must establish all three prongs of this test, and must discuss all three factors son appeal. *Id.* Failure to do so will result in rejection of the claim. Counsel is presumed effective, and the petitioner bears the burden of proving otherwise. *Id.*

> Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Trial counsel

---

[4] Section 9545(b) permits PCRA petitions where the failure to raise the claim was the result of government interference; is based on newly discovered facts; or is based on a right newly recognized by the United States or Pennsylvania Supreme Courts. 42 Pa.C.S.A. § 9545.

will not be deemed ineffective for failing to assert a claim that would not have been beneficial, or for failing to interview or present witnesses whose testimony would not have been helpful. Nor can a claim of ineffective assistance generally succeed through comparing, by hindsight, the trial strategy employed with alternatives not pursued. A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

*Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998) (citations omitted).

Upon review of the applicable law, the parties' briefs, the record, and the trial court opinion, we conclude that the trial court's September 18, 2017 opinion accurately addresses paragraphs "a," "b," and "c" of Appellant's ineffective assistance of counsel argument. In particular, we agree with the trial court that counsel had a reasonable strategic basis for portraying Appellant as drunk and foolish. Counsel hoped to develop credibility with the jury and procure a conviction for recklessly endangering another person ("REAP")[5] rather than aggravated assault. We reject Appellant's argument on the basis of the trial court opinion.

Next, Appellant argues that counsel was ineffective for failing to call Donna DiCesare as a witness.

> [R]egarding the failure to procure a witness's testimony, a petitioner must demonstrate: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness' existence; (3) the witness was willing and able to cooperate with

---

[5] 18 Pa.C.S.A. § 2705. The jury acquitted Appellant on the REAP charge but found him guilty of aggravated assault.

- 5 -

the defense; and (4) the defendant was prejudiced by the absence of the witness testimony.

*Commonwealth v. Simpson*, 66 A.3d 253, 271 (Pa. 2013).

DiCesare, a witness at the ineffective assistance hearing, would have testified that police were pressuring her to testify, falsely, that Appellant stole from DiCesare's father the weapon he brandished during the offenses. N.T. Hearing, 5/8/17, at 24. DiCesare also would have testified that police threatened her after she refused to offer fabricated testimony. *Id.* at 26. Appellant cites no law in support of this argument, nor does he explain how DiCesare's testimony was in any way relevant to his defense against any of the charges pending against him. We could find Appellant's argument waived for this reason alone. Pa.R.A.P. 2119(b); *Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008).

In any event, counsel testified that he did not call DiCesare because she was not a witness to the incidents in question and therefore had no relevant testimony to offer. N.T. Hearing, 5/8/17, at 7. Furthermore, counsel testified that it was an argument between Appellant and DiCesare that precipitated his conduct on the day in question. *Id.* at 6. Appellant wanted the keys to a car, and DiCesare refused because Appellant was drunk. *Id.* Finally, presenting DiCesare as a character witness would have opened the door to Appellant's prior record. *Id.* at 7-8. In summary, counsel concluded that DiCesare had nothing relevant to offer, and that in some ways her testimony could be detrimental to the defense. We further observe that DiCesare testified that

she was romantically involved with Appellant and that, at the time of the offenses, Appellant was growing marijuana in DiCesare's basement. **Id.** at 24, 27.

Based on all of the foregoing, we conclude that Appellant was not prejudiced by the absence of DiCesare's testimony. She was not an eyewitness to the charged conduct, her testimony about the police misconduct, even if credited by the jury, was not directly relevant to any of the charges Appellant was defending, and her testimony could have opened the door to unfavorable evidence. The trial court did not error in finding no merit to Appellant's argument.

For all of the foregoing reasons, we conclude that Appellant's ineffective assistance of counsel arguments lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/2018

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA – CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   )
                                  )
         VS.                 )    No.    5035 C 2014
                                    )
RALPH HERBERT DEEP, JR.,       )
           Defendant.       )

## OPINION AND ORDER OF COURT
## ISSUED PURSUANT TO PA.R.A.P. RULE 1925(A)

The Defendant, Ralph Herbert Deep, Jr., appeals from the Order of Court entered July 7, 2017 wherein the Court granted in part and denied in part the Defendant's Post-Sentence Motions. The Court granted the Defendant's Motion to Modify Sentence and imposed an aggregate sentence of two (2) to four (4) years incarceration at a State Correctional Institution. The Court denied the Defendant's Motion for Judgment of Acquittal and Motion for a New Trial and/or Sentencing based upon allegations of ineffective assistance of counsel. This Opinion is issued in compliance with Pa.R.A.P. Rule 1925.

### FACTUAL AND PROCEDURAL HISTORY

The charges in this case arose out of an investigation of the Defendant, Ralph Herbert Deep, Jr. in connection with two incidents that occurred in a Trafford neighborhood, in Westmoreland County, on October 11, 2014. The first incident involved Mr. Deep entering the front yard of his neighbor's property holding a rifle and saying that, "When I find you, I'm going to shoot you." The second incident involved Mr. Deep's refusal to comply with police officers' commands to drop his weapon and he continued to advance towards the officers while pumping a shotgun.

As a result of the investigation, Mr. Deep was charged with the following offenses:

1

1. Count One: Criminal Attempt-Assault of Law Enforcement Officer, in violation of 18 Pa.C.S.A. § 901(a);
2. Count Two: Aggravated Assault, in violation of 18 Pa.C.S.A. § 2702(a)(6);
3. Count Three: Aggravated Assault, in violation of 18 Pa.C.S.A. § 2702(a)(6);
4. Count Four: Aggravated Assault, in violation of 18 Pa.C.S.A. § 2702(a)(6);
5. Count Five: Aggravated Assault, in violation of 18 Pa.C.S.A. § 2702(a)(6);
6. Count Six: Terroristic Threats-Cause Serious Public inconvenience, in violation of 18 Pa.C.S.A. § 2706(a)(3);
7. Count Seven: Recklessly Endangering Another Person, in violation of 18 Pa.C.S.A. § 2705;
8. Count Eight: Institutional Vandalism of an Educational Facility, in violation of 18 Pa.C.S.A. § 3307(a)(3); and
9. Count Nine: Public Drunkenness and Similar Misconduct, in violation of 18 Pa.C.S.A. § 5505.

On September 12-14, 2016, Mr. Deep proceeded to a jury trial before this Court and was found guilty at Count Two: Aggravated Assault, Count Three: Aggravated Assault, Count Six: Terroristic Threats, Count Eight: Institutional Vandalism, and Count Nine: Public Drunkenness and Similar Misconduct.[1] Sentencing was deferred pending a Pre-Sentence Investigation. On January 26, 2017, Mr. Deep was sentenced as follows: at Count Two, Mr. Deep was sentenced to a term of incarceration of two (2) to ten (10) years at the DOC; at Count Three, Mr. Deep was sentenced to a term of incarceration of two (2) to ten (10) years concurrent to Count Two; at Count Six, Mr. Deep was sentenced to a term of one (1) to two (2) years incarceration concurrent to Count Two; and at Counts Eight and Nine, there was no further sentence. Mr. Deep was represented at trial and sentencing by Attorney Brian Aston.

On February 15, 2017, Attorney Michael DeMatt was appointed to represent Mr. Deep. On March 9, 2017, Mr. Deep filed Post Sentence Motions Nunc Pro Tunc including a Motion to Modify Sentence, a Motion for Judgment of Acquittal, and a Motion for a New Trial and/or Sentencing based upon allegations of ineffective assistance of counsel. On May 8, 2017 a Post-

---

[1] On July 8, 2015, Mr. Deep previously entered a guilty plea to the above-referenced charges; however, he was subsequently permitted to withdraw his guilt plea and proceed to trial.

2

Sentence Motions Hearing was conducted before this Court. Mr. Aston, who has been licensed to practice law in the Commonwealth of Pennsylvania for 22 years, testified relative to his representation of Mr. Deep at Trial. (Post Sentence Motions "PSM" 5/8/17; 4).

Mr. Aston testified that the theory of the case that he intended to present at trial was that "[Mr. Deep] didn't intend to cause problems to anybody that day." (PSM; 5). He further testified that "[Mr. Deep] was extremely intoxicated" and "Mr. Deep had basically put himself more in danger than [he] did anybody else." (PSM; 5). Mr. Aston testified that he attempted to focus the jury's attention "on Mr. Deep and not so much on the feelings of the officer and/or neighbors that were involved in the incident." (PSM; 5).

During the hearing, Mr. Aston testified that he and Mr. Deep's fiancé, Donna DiCesare talked about her testifying on Mr. Deep's behalf at trial; however, Ms. DiCesare was never called as a witness at trial or during sentencing. (PSM; 6-7). When asked why he did not call her as a witness in either of those proceedings, Mr. Aston testified

> Because she had already left the residence when the incident involving the police occurred, and so we were focused mostly on that particular moment in time... I don't believe that she would've been able to add or take away anything in reference to what occurred.

(PSM; 7).

Mr. Aston testified that he did not call Ms. DiCesare as a character witness because, if he did so, Mr. Deep's prior criminal record would have been admissible. (PSM; 7-8). Further, Mr. Aston testified that he did not call Ms. DiCesare as a witness at sentencing because "we had inundated the Court with quite a number of letters of support of individuals that Mr. Deep had met through the years" and "I didn't believe that her testimony would have made any difference." (PSM; 8).

3

When questioned why he referred to Mr. Deep as an "idiot" and "stupid drunk" in his closing argument, Mr. Aston testified that he was trying to "paint this picture that Mr. Deep, through consumption of alcohol and poor decisions, had really placed himself in peril and not the police officers." (PSM; 10-11). Further, Mr. Aston testified that he advised the jury that Mr. Deep's actions were "reckless" during his closing argument because he was "trying to show that [Mr. Deep's] actions weren't intentional, it wasn't a conscious decision." (PSM; 12). Mr. Aston testified that "through consumption of alcohol and very poor decisions that day, [Mr. Deep] put himself more at risk than anybody else." (PSM; 12-13).

When questioned why he encouraged the jury to find Mr. Deep guilty of Recklessly Endangering Another Person, he stated that "the guideline range is probably low enough either for probation and/or a time served type sentence, instead of the 5-and-a-half to 30 years that [Mr. Deep] had previously been sentenced to under this case." (PSM; 14). Mr. Aston indicated that he and Mr. Deep had previously discussed this strategy. (PSM; 14). Additionally, Mr. Aston agreed with the Commonwealth's rationale that by encouraging the jury to find Mr. Deep guilty of Recklessly Endangering Another Person and characterizing Mr. Deep's actions as "reckless", he was essentially attempting to sway the jury away from a conviction of Aggravated Assault and he maintained credibility with the jury as he argued for them to find Mr. Deep guilty of a less serious offense. (PSM; 19-20).

At the conclusion of the hearing, the Court took the case under advisement and ordered the parties to submit briefs in support of their respective positions. Mr. Deep filed a Brief in Support of Post-Sentence Motions on or about June 8, 2017. On July 7, 2017, this Court granted Mr. Deep's Motion to Modify Sentence and, in consideration of the efforts made by Mr. Deep to

4

address his issues pertaining to sobriety, the Court reduced Mr. Deep's original sentence to an aggregate sentence of two (2) to four (4) years incarceration at a State Correctional Institution.

The Court denied the Defendant's Motion for Judgment of Acquittal and Motion for a New Trial based upon allegations of ineffective assistance of counsel. On August 3, 2017, Mr. Deep filed a Notice of Appeal to the Pennsylvania Superior Court. On August 11, 2017, this Court entered an Order of Court directing Mr. Deep to file a Concise Statement of Errors Complained of on Appeal within twenty-one days. On September 12, 2017, this Court received Mr. Deep's Statement of Matters Complained of on Appeal, which was dated August 28, 2017. Mr. Deep raises the following issue: (1) Whether the Defendant is entitled to a new trial due to ineffective assistance of trial counsel in the following particulars:

  a. Referring to the Defendant as an "idiot" and "stupid drunk" in his closing;

  b. Advising the jury that the Defendant's actions were reckless during his closing;

  c. Encouraging the jury to convict the Defendant of certain offenses; and

  d. Failing to call Donna DiCesare as a witness.

This appeal is before the Pennsylvania Superior Court at 1149 WDA 2017.

## ISSUE(S) PRESENTED ON APPEAL

**I.      WHETHER THE DEFENDANT IS ENTITLED TO A NEW TRIAL BASED UPON ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.**

Mr. Deep's sole allegation of error asserts that he is entitled to a new trial due to ineffective assistance of trial counsel. "[A]s a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review. Thus, any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on

5

collateral review and has failed to avail himself of that opportunity." Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). There are two exceptions to the general rule. A trial court has discretion to review ineffective assistance of counsel claims on direct appeal if (1) there are extraordinary circumstances and immediate consideration will best serve the interests of justice; and (2) when a defendant seeks to litigate multiple or prolix claims for good cause and it is accompanied by a waiver of PCRA review. Commonwealth v. Holmes, 79 A.3d 562 (Pa. 2013).

In the present case, Mr. Deep was sentenced to a minimum term of two (2) years incarceration with credit for time served. At the time of filing Post-Sentence Motions, Mr. Deep had already served 1 ½ years incarceration. As Mr. Deep's case involves a short sentence, and as he has expressly, knowingly, and voluntarily waived PCRA review, this Court is of the opinion that Mr. Deep's claims of ineffective assistance of counsel are appropriately before this Court on direct appeal.

"To obtain relief on a claim of ineffective assistance of counsel, Appellant is required to show that there is merit to the underlying claim; that counsel had no reasonable basis for his course of conduct; and finally, that there is a reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different." Commonwealth v. Jones, 683 A.2d 1181 (Pa. 1996.) "Generally, trial counsel is presumed to be effective and the defendant bears the burden of proving otherwise." Id. "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. [A] claim of ineffective assistance [cannot] generally succeed through comparing, by hindsight, the trial strategy employed with alternatives not pursued." Commonwealth v. Howard, 719 A.2d 233 (Pa. 1998).

6

In Mr. Deep's Statement of Matters Complained of on Appeal, he alleges that Mr. Aston was ineffective when he (1) referred to Mr. Deep as an "idiot" and "stupid drunk" in his closing; (2) advised the jury that Mr. Deep's actions were "reckless" during his closing; (3) encouraged the jury to convict Mr. Deep of Recklessly Endangering Another Person, and (4) failed to call Donna DiCesare as a witness.

Upon a thorough review of the record in this case, this Court is of the opinion that Mr. Deep is not entitled to a new trial for the reasons that trial counsel had a reasonable basis for his course of conduct and trial counsel's actions were not prejudicial. During the Post-Sentence Motions Hearing, Mr. Aston testified that he referred to Mr. Deep as an "idiot" and "stupid drunk" in his closing argument because he was trying to paint a picture to the jury that Mr. Deep, through consumption of alcohol and poor decisions, had placed himself in peril rather than the police officers and neighbors involved. Further, Mr. Aston testified that he advised the jury that Mr. Deep's actions were "reckless" during his closing argument because he was trying to show that Mr. Deep's actions were not "intentional". This is supported by the fact that Mr. Aston specifically asked for the jury to find Mr. Deep guilty of Recklessly Endangering Another Person.

Mr. Aston confirmed that by encouraging the jury to find Mr. Deep guilty of Recklessly Endangering Another Person and characterizing Mr. Deep's actions as "reckless", he was essentially attempting to sway the jury away from a conviction of Aggravated Assault, which required a finding that Mr. Deep's actions were "intentional" as opposed to "reckless." Likewise, Mr. Aston testified that he encouraged the jury to find Mr. Deep guilty of Recklessly Endangering Another Person for the reason that Mr. Deep would likely receive a lesser sentence

7

than what was previously imposed. Of note, the jury did not convict Mr. Deep of Recklessly Endangering Another Person.

The Court finds that Mr. Aston's actions, albeit unusual, were part of his trial strategy and in line with the defense's theory that Mr. Deep was more of a harm to himself than to anyone else on the date of the incident. Additionally, the Court finds that by presenting a consistent theory and urging the jury to find Mr. Deep guilty of a less serious offense, Mr. Aston maintained credibility with the jury and effectuated Mr. Deep's interests.

Lastly, Mr. Deep alleges that trial counsel was ineffective when he failed to call Ms. DiCesear as a witness at trial and during sentencing. "In order to prevail on a claim of ineffective assistance of counsel for failure to call a witness, a defendant must prove: (1) that the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on the appellant's behalf; and (5) the absence of the testimony prejudiced the appellant." Commonwealth v. Brown, 767 A.2d 576 (Pa. Super. 2001) (quoting Commonwealth v. Fletcher, 750 A.2d 261 (2000)). "Trial counsel will not be deemed ineffective for failing to assert a claim that would not have been beneficial, or for failing to interview or present witnesses whose testimony would not have been helpful." Howard, 719 A.2d 233.

Although this Court has already taken into account Mr. Aston decision to not call Ms. DiCesare as a witness during sentencing and has accordingly reduced Mr. Deep's maximum sentence, this Court finds that the absence of Ms. DiCesare's testimony did not prejudice Mr. Deep. Ms. DiCesare was not present when the incident occurred and, despite her willingness to testify at trial, she was not called as a character witness because her testimony could have opened the door to other unfavorable evidence. Additionally, Mr. Aston did not call Ms. DiCesare as a

8

witness at sentencing because he had already provided the Court with quite a number of letters of support from individuals that Mr. Deep had known, and the Court did consider Mr. Deep's efforts at sobriety before sentencing him. It is clear from trial counsel's testimony that he had a reasonable strategic basis for not presenting Ms. DiCesare as a witness during the trial or sentencing phase and, Mr. Deep was not prejudiced as a result.

For the foregoing reasons, the issues raised on appeal are meritless, and the Court enters the following Order:

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA – CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
VS. )    No.    5035 C 2014
)
RALPH HERBERT DEEP, JR., )
Defendant. )

## ORDER OF COURT

AND NOW, to wit, this 18th day of September, 2017, it is hereby ORDERED,

ADJUDGED, and DECREED that the foregoing Opinion shall constitute the Court's brief

statement of reasons for the July 7, 2017 Order of Court pursuant to Pa. R.A.P. 1925.

BY THE COURT:

_____, J
Christopher A. Feliciani, Judge

ATTEST:

_____
Clerk of Courts

cc:    File
Jacquelyn Knupp, Esq., Assistant District Attorney
Michael DeMatt, Esq., Counsel for the Defendant
Pamela Neiderheiser, Esq., Court Administrator's Office
Law Clerk

10