J-S18001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL LYNN BRECHT | |
| Appellant | No. 1922 WDA 2016 |

Appeal from the PCRA Order entered November 30, 2016
In the Court of Common Pleas of Warren County
Criminal Division at No: CP-62-CR-0000524-2013; CP-62-CR-0000525-
2013

BEFORE:  STABILE, MUSMANNO, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 24, 2018**

Appellant, Daniel Lynn Brecht, appeals from the November 30, 2016 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 1-9546.  We affirm.

A prior panel of this Court summarized the relevant procedural history:

> In his two criminal cases, [Appellant] was charged initially with a total of one hundred and seventy-four charges relating to the protracted sexual abuse of two different children.  Following plea negotiations with the Commonwealth, [Appellant] agreed to plead guilty to one count each of rape by forcible compulsion, statutory sexual assault, sexual assault, aggravated indecent assault, indecent assault of a person less than thirteen years old, and corruption of the morals of a minor.[2]
>
> ⎯⎯⎯⎯⎯⎯⎯⎯
> [2]  18 Pa.C.SA. §§ 3121(a)(1), 3122.1, 3142.1, 3125, 3126(a)(7), and 6301, respectively.  […]

All other charges were *nolle prossed* by the Commonwealth.

On June 16, 2014, [Appellant] appeared before the trial court to plead guilty to the negotiated terms as set forth above. At the guilty plea hearing, [Appellant], who was sixty-three years-old at the time of his plea, confirmed that he was not under the influence of alcohol or controlled substances at the time of his plea. He further declared that he understood all of the constitutional rights that he was waving by entering guilty pleas, and that he had no questions for the court in that regard. [Appellant] stated that he was entering the plea on his own free will, that there were no promises made to him with regard to the sentence that he would receive, and that he was not forced or threatened to take the plea. [Appellant] conceded that he had ample time to consult with his attorney, and that he was satisfied with his attorney's advice. Finally, [Appellant] confirmed his understanding that, by pleading guilty to multiple offenses, he could receive consecutive sentences for each crime to which he pleaded guilty. The trial court accepted the plea, and ordered [Appellant] to be evaluated for purposes of a sexually violent predator hearing.

*Commonwealth v. Brecht*, 139 WDA 2015 (Pa. Super. September 22, 2015), unpublished memorandum at 1-3.

On October 16, 2014, the trial court imposed an aggregate 188 to 376 months of incarceration, comprised of consecutive sentences for each count. Appellant filed a motion to withdraw his plea on October 20, 2014. The trial court denied that motion at the conclusion of a January 8, 2015 hearing. Appellant filed a timely direct appeal, and this Court affirmed the judgment of sentence. *See id.* Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. On August 5, 2016, Appellant filed a timely, counseled, first PCRA petition. The PCRA court conducted a hearing on November 28, 2016. The PCRA court denied Appellant's petition at the

conclusion of the hearing, but the order was docketed two days later, on November 30, 2016.

Appellant filed this timely appeal on December 16, 2016. He presents five questions for our review:

1. Was trial counsel ineffective for never independently investigating the case or seriously mounting a defense to these charges[?]

2. Was trial counsel ineffective for never exploring a good character defense with [Appellant] although [Appellant] had no prior criminal record and had people willing to come to court and testify as to his good character for being law abiding[?]

3. Did trial counsel have a conflict of interest because if he convinced his client to enter a plea, he would get a windfall ($40,000) for his limited, minimal, insignificant services as opposed to putting in the time and effort to determine if a jury trial would be appropriate under the circumstances of this case[?]

4. Did trial counsel misrepresented [sic] the terms of the plea agreement which falsely induced [Appellant] to enter a plea[?]

5. Was trial counsel ineffective for not investigating the facts surrounding a charge of one count of rape, where [Appellant] is impotent with erectile dysfunction and was incapable of getting an erection or engaging in intercourse[?]

Appellant's Brief at 3.

We review the PCRA court's order to determine whether the record supports its findings of fact and whether it committed an error of law. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super.

- 3 -

2015), *appeal denied*, 123 A.3d 331 (Pa. 2015). We conduct *de novo* review of the PCRA court's conclusions of law. *Id.*

Appellant argues that counsel was ineffective. To prevail on this claim, a PCRA petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's mistake prejudiced the petitioner. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa 2001). As to the second prong, we do not consider whether there were better strategic alternatives; rather, we consider whether counsel had any reasonable basis for the disputed action or inaction. *Id.* For the third prong, prejudice, we examine whether the outcome of the proceeding would have been different but for counsel's error. *Id.* We presume counsel's effectiveness, and the petitioner has the burden of proving otherwise. *Commonwealth v. Brown*, 767 A.2d 576, 581 (Pa. Super. 2001). To demonstrate prejudice, the petitioner must show a reasonable probability that, but for counsel's mistakes, the petitioner would have proceeded to trial. *Commonwealth v. Hickman*, 799 A2d 136, 141 (Pa. Super. 2002).

In all but his third question presented, Appellant challenges the adequacy of plea counsel's services in connection with Appellant's guilty plea. We must therefore be mindful of the following:

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the

- 4 -

ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338–39 (Pa. Super. 2012) (quoting *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003), *appeal denied*, 860 A.2d 488 (Pa. 2004)).

Our Supreme Court has addressed the adequacy of counsel's investigation:

[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984)).

Appellant first asserts that counsel's investigation was inadequate and that he failed to mount a serious defense. Appellant claims plea counsel failed to seek relevant discovery, including note cards one of the victims kept with respect to the alleged assaults and the mental health records of the other victim, who allegedly suffers from hallucinations. Appellant also claims,

among other things, that counsel should have hired an investigator to explore inconsistencies in the victims' accounts of the assaults.

At the PCRA hearing, plea counsel testified that he believed based on his observations of them at the preliminary hearing that both victims would make strong trial witnesses. *Id.* at 88. Counsel stated that Appellant admitted to some but not all of the charged conduct in his initial interview with the State Police. *Id.* at 101. "[H]is main defense was, I did some of this, but not all of it." *Id.* Counsel did not think that was a good strategy for a jury trial in this case. Given his assessment of the strength of the Commonwealth's case and the 174 charges pending against Appellant, counsel elected to engage in early plea negotiations. The PCRA court noted that Appellant authorized counsel to engage in those negotiations. PCRA Court Opinion, 5/1/17, at 9.

> While Appellant may have felt that he was being 'pressured' by trial counsel, the reality of facing two (2) compelling victims' testimony, a partial confession, and potential sentences that would effectively result in a life sentence, this strategy was not unreasonable. Once the Appellant decided to accept responsibility for his conduct, and advised counsel to pursue plea negotiations, trial counsel had a reasonable basis for not pursuing further investigations.
>
> […]
>
> Once the Appellant instructed trial counsel to pursue this strategy, **which we find to be true**, counsel cannot be faulted with pursuing that objective, negotiating a plea that results in 96% of the charges being *nolle prossed*, and the Appellant ultimately entering a voluntary plea to the charges.

- 6 -

*Id.* at 9. In summary, the PCRA court credited counsel's testimony that the victims would make strong witnesses, and that Appellant wished to engage in early plea negotiations. We reject Appellant's first argument based on the PCRA court's opinion.

Next, Appellant claims trial counsel was ineffective for failing to locate and interview potential character witnesses.

> A defense counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se.* In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial.
>
> […]
>
> **Evidence of good character offered by a defendant in a criminal prosecution must be limited to his** *general reputation for the particular trait or traits of character* **involved in the commission of the crime charged.** The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and **must be established by testimony of witnesses as to the** *community opinion* **of the individual in question,** *not through specific acts* **or mere rumor.**

*Commonwealth v. Johnson*, 27 A.3d 244, 247-48 (Pa. Super. 2011) (internal citations and quotation marks omitted; emphasis in original).

The PCRA Court reasoned that character evidence was unlikely to help Appellant in the instant case, given his partial confession and the strong victim witnesses. Furthermore, At the PCRA hearing, Appellant presented only one possible character witness, and he testified that he and a few of Appellant's

acquaintances and coworkers were surprised to learn of the charges. PCRA Court Opinion, 5/1/17, at 11. Thus, the PCRA court concluded that Appellant failed to establish that a fuller investigation of potential character witnesses would have led Appellant to reject the plea bargain and proceed to trial. We agree, and we reject Appellant's second argument based on the PCRA court's opinion.

Third, Appellant claims that counsel had a conflict of interest because he paid counsel a nonrefundable $40,000.00 retainer. Appellant insinuates that plea counsel had an incentive to do as little work as possible after his receipt of the $40,000.00. Appellant claims counsel did not hire an investigator because the investigator would have been paid out of the $40,000.00. In support of his argument, Appellant cites Rule 1.5(a) of the Rules of Professional Conduct, which states that "[a] lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." Pa.R.P.C. 1.5(a). He does not develop any legal argument that an allegedly excessive fee supports a finding that counsel rendered ineffective assistance. The PCRA court summarized its findings and rationale:

> This court cannot conclude that trial counsel, motivated by greed, mislead [sic] the Appellant with respect to his case, and coerced the Appellant into an involuntary guilty plea. The court can conclude, that trial counsel reasonably pursued an early plea strategy, that Appellant entered a knowing and voluntary plea as a result, and in hindsight is unhappy with both the court's sentence and the excessive fee charged by counsel.

PCRA Court Opinion, 5/1/17, at 12. We reject Appellant's argument based on the PCRA court's opinion.

Fourth, Appellant claims counsel was ineffective for advising him that the prosecutor would not object to a seven-year minimum sentence. As noted above, the trial court imposed a considerably longer minimum sentence. Regardless, Appellant litigated this issue on direct appeal in challenging the trial court's denial of his post-sentence motion to withdraw his guilty plea:

> Instantly, we agree with appellate counsel and the trial court that [Appellant] cannot demonstrate that manifest injustice will result if he were not permitted to withdraw his guilty plea. First, the record unequivocally demonstrates that [Appellant's] decision to plead guilty was knowing, intelligent, and voluntary. Second, at the guilty plea hearing, [Appellant] confirmed that he was entering the plea on his own free will, that he was not forced or threatened in any fashion to take the plea, and that he understood that there was no agreement regarding the sentence that he would receive. [Appellant] also asserted that he was satisfied with his attorney and that his attorney discussed the facts and possible sentences at length. Finally, [Appellant] acknowledged that the court was not bound by any agreement, and that the court could impose all sentences to run consecutively to each other.

> At the post-sentence motion hearing, [Appellant] attempted to portray the pre-trial discussions with counsel as coercive. [Appellant] maintained that he felt like he was being funneled into a guilty plea based upon counsel's assurances that the Commonwealth would not object to a minimum prison term of seven years and that, if he went to trial and lost, he would be sentenced potentially to hundreds of years in prison. However, in the same hearing, [Appellant] admitted that counsel did not promise or guarantee any particular sentence if [Appellant] pleaded guilty.

*Brecht*, 139 WDA 2015, unpublished memorandum at 10-11. Appellant cannot make out the first prong of an ineffective assistance claim because he

already litigated the underlying issue on direct appeal. 42 Pa.C.S.A. § 9543(a)(3). We are cognizant that this Court on direct appeal decided the case under the manifest injustice standard applicable to post-sentence plea withdrawals. Regardless, our prior memorandum clearly demonstrates that this issue is without arguable merit.

Finally, Appellant claims that counsel was ineffective for failing to develop a defense based on Appellant's erectile dysfunction, which would have rendered it impossible for him to penetrate the victims' vaginas with his penis, as alleged under some of the charges. At the PCRA hearing, Appellant failed to prove his claim.

> [Appellant] presented some medical records at [the] hearing from between 2010 and 2013. They reference a past diagnosis of impotence of organic origin. Appellant's sexual assaults of his two stepdaughters occurred from 2003 to 2010. Appellant testified briefly about his diagnosis and some discussions with trial counsel and presentation of medical records, as did his sister. Trial counsel confirmed the same.
>
> However, no testimony was presented establishing that the Appellant was unable to achieve an erection at the time the sexual assaults were committed. No expert medical testimony was presented as to the nature of the dysfunction or any prescribed treatment. No medical testimony was presented that it was a permanent or total disability or whether [Appellant] was unable to achieve an erection or maintain an erection. The Appellant took the witness stand at his hearing on the motion to withdraw his guilty plea, represented by different counsel, and asserted his innocence without any mention whatsoever of impotency or erectile dysfunction and no explanation of his admission to some sexually assaultive conduct.

We reject Appellant's final argument based on the PCRA court's May 1, 2017 opinion.

For all of the foregoing reasons, we affirm the PCRA court's order, and we direct that a copy of the PCRA court's May 1, 2017 opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/24/2018