J-S34017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEATLH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE BROWN | |
| Appellant | No. 1540 WDA 2017 |

Appeal from the PCRA Order entered September 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0008582-2014 and
CP-02-CR-0008579-2014

BEFORE:  BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 23, 2018**

Appellant, Tyrone Brow, appeals *pro se* from the September 27, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

A previous memorandum from this Court includes the following factual summary:

> Briefly, the evidence presented at trial established that [Appellant] had been in a romantic relationship with Charde Hill for approximately four (4) years and they had two (2) children together.  At some point, the relationship had soured and the two were no longer romantically involved.  On May 31, 2014, [Appellant] was watching his two (2) children as well as Ms. Hill's other two (2) children (not [Appellant's]) while Ms. Hill ran errands.  At some point during her errands, she discovered that she had missed 14 calls from [Appellant].  When she returned his call, he accused her of leaving her children with him so she could

_____

* Retired Senior Judge assigned to the Superior Court.

perform sexual acts on another person, and told her 'wait till you get home.' When Ms. Hill did arrive home, [Appellant] squeezed her neck with his hands and then put a hand over her mouth and nose so she could not breathe. One of Ms. Hill's children called 911 and she managed to escape with her children and drove them to a nearby church until the police arrived. By the time they arrived, [Appellant] was gone.

On June 2, 2014, Ms. Hill obtained a temporary Protection from Abuse Order [("PFA")]. Thereafter, Officer Ryan Deloplaine of the Pittsburgh Police Department contacted [Appellant] by telephone and advised him that the PFA had been entered and that he was to have no contact with Ms. Hill or her children and that he was not permitted near Ms. Hill's residence. [Appellant] indicated he understood and would be stopping down to the police station to pick up the hard copy of the PFA.

On June 6, 2014, [Appellant] called Ms. Hill between 20 and 25 times, sent her approximately 10 text messages expressing his displeasure with [their] child custody agreement and threatening to kill her. Ms. Hill did not respond. Later that evening, Ms. Hill was in her bedroom when she heard tapping on the window and saw [Appellant] standing outside her bedroom window. By the time police arrived, [Appellant] had fled.

Then, on June 16, 2014, at approximately 2:00 a.m., Ms. Hill was sleeping in her bed with one of her daughters when she was awakened by a loud noise. She sat up and saw that her window had been broken and [Appellant] was in her bedroom. He was intoxicated and was screaming at her. Ms. Hill told him she had to put her daughter to bed and after doing so, ran out of the house, hid behind a dumpster and called police. [Appellant] was apprehended in the woods behind her property.

*Commonwealth v. Brown*, 820 WDA 2015 (Pa. Super. 2016), unpublished memorandum, at 1-2 (quoting trial court opinion, 9/22/15, at 2-3).

On the morning of June 16, 2014, shortly after Appellant broke into Ms. Hill's bedroom through the window, police arrested him and charged him with

burglary[1] and possession of marijuana[2] at Docket Number 8579 of 2014, and one count of simple assault[3] and terroristic threats[4] at Docket Number 8582. On January 28, 2015, a jury found Appellant guilty on all counts. On April 14, 2015, the trial court imposed an aggregate five to ten years of incarceration. This Court affirmed the judgment of sentence on March 18, 2016.

Appellant filed a timely first *pro se* PCRA petition on February 28, 2017. On August 21, 2017, appointed counsel filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 31, 2017, the PCRA court granted counsel's motion to withdraw and filed its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The PCRA court dismissed the petition on September 27, 2017. This timely appeal followed.

"On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record." **Commonwealth v. Jones**, 932 A.2d 179, 181 (Pa. Super. 2007). Appellant raises nine issues—one with three subparts—on

---

[1]  18 Pa.C.S.A. § 3502.

[2]  35 Pa.C.S.A. § 780-113(a)(31).

[3]  18 Pa.C.S.A. § 2701.

[4] 18 Pa.C.S.A. § 2706.

appeal. We will address them in turn. Appellant's first two issues are as follows:

      I.    When witnesses were available and willing to provide exculpatory evidence (testimony) does trial-appellate counsel who know [sic] or should have known of their existence rendered [sic] ineffective assistance by failing to investigate or to call them?

Appellant's *Pro Se* Brief at 3. Appellant did not raise this issue in his PCRA petition or at any other time prior to this appeal. This results in waiver pursuant to Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Furthermore, Appellant could not prevail on the merits of this issue. To establish that counsel was ineffective, a petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's error prejudiced the petitioner. *Commonwealth v. Travaglia*, 661 A.2d 352 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). Counsel will not be held ineffective for failing to call a witness absent some showing the witness would have been helpful to the defense. *Commonwealth v. Brown*, 767 A.2d 576, 582 (Pa. Super. 2001). Appellant fails to explain how any of his proposed witnesses would have been helpful, given that his convictions rested on Hill's eyewitness testimony and Appellant's possession of marijuana. Appellant could not obtain relief on this issue even had he preserved it.

Next, Appellant argues:

II. Did trial counsel render ineffective assistance by failing to subpoena the proper witness to achieve admission of the broken window/detached screen, the cell-phone text, as an offer of proof that [Appellant] was living in the apartment/had his own key, post-trial counsel rendered ineffective assistance by failing to preserve this issue, and his appellate counsel rendered ineffective assistance by failing to properly frame these issues for appellate review?

Appellant's *Pro Se* Brief at 3. The portion of this issue arguably preserved before the trial court is the portion about the "cell-phone text." Appellant's *Pro Se* PCRA Petition, at ¶ 5(A)(6). His specific argument with regard to the text message, however, is indecipherable, thus precluding appellate review. *See* Appellant's *Pro Se* Brief at 10-11.

Appellant's third issue is as follows:

III. Whether Appellant-Petitioner was denied the right to know the accusations made against him?

 a. Whether [Appellant] was denied the meaningful benefits of independent discovery-disclosure?

 b. Whether he was denied fundamental fairness, due process and equal protection under both the United States and Pennsylvania Constitutions?

 c. Whether the court failed to issue [Appellant] any timely or meaningful notice of the PFA complaint, or a copy of the PFA final order?

Appellant's *Pro Se* Brief at 3.

The PCRA prohibits relief for issues that have been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). Issues III(a) and (b) could and should have been raised before the trial court. Appellant's failure to do so results in waiver of those issues for collateral review. Furthermore, Appellant fails to

- 5 -

explain how these issues are cognizable under the PCRA even if not waived.

Appellant raised issue III(c) before this Court on direct appeal, and this Court

denied relief. ***Commonwealth v Brown***, 820 WDA 2015 (Pa. Super. 2016),

unpublished memorandum, at 3-6. A previously litigated issue is not eligible

for collateral review. 42 Pa.C.S.A. § 9543(a)(3).

Issues four, five, and six are as follows:

IV. Whether [Appellant] was proven guilty beyond a reasonable doubt?

V. Whether he was the victim of prosecutorial misconduct and selective prosecution?

VI. Whether he is the victim of judicial misconduct/abuse of discretion, equal protection under the law?

Appellant's *Pro Se* Brief at 3. Appellant has waived each of these issues by

failing to raise them before the trial court. Moreover, Appellant fails to explain

how any of these issues is cognizable under the PCRA even if not waived.

Appellant's seventh and eighth issues are:

VII. Whether he was 'denied the constitutional protection' of the Sixth Amendment right, when his court appointed failed [sic] to proffer any real meaningful defense?

VIII. Whether the 'abandonment of [Appellant's] requested defense was ineffective counsel?

Appellant's *Pro Se* Brief at 3. While Appellant challenged counsel's

presentation of Appellant's defense in his petition (***see*** Appellant's *Pro Se*

PCRA Petition, 2/28/17, at ¶ 5(A)(6)), he fails to develop any detailed

argument in his brief. In particular, he fails to articulate precisely what he

wishes trial counsel would have done. Also, he fails to articulate precisely how

counsel's actions and/or inactions prejudiced him. As such, he cannot obtain relief on a claim that counsel was ineffective.

In his final assertion of error, Appellant claims as follows:

IX. Whether the court erred when it allowed the seating of a prospective juror who during the *voir dire* revealed that they personally had a close working relationship, and friendships with persons working in law enforcement or within the justice system?

Appellant's *Pro Se* Brief at 3. This issue is waived and unreviewable under § 9543(a)(3) because Appellant could have raised it on direct review but failed to do so.

Having concluded that each of Appellant's issues is either lacking in merit or not reviewable on collateral appeal, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2018

- 7 -