J-S06039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 1166 MDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003140-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 1167 MDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000805-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 1168 MDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001147-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S06039-23

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTIAN SCOTT THOMAS | : |  |
|  | : |  |
| Appellant | : | No. 1169 MDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002950-2001

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTIAN SCOTT THOMAS | : |  |
|  | : |  |
| Appellant | : | No. 1170 MDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002952-2001

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: MARCH 8, 2023**

Appellant, Christian Scott Thomas, appeals *pro se* from the August 5, 2022, order entered in the Court of Common Pleas of Lancaster County, which dismissed Appellant's petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing on the basis it was untimely filed.  After a careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

The relevant facts and procedural history have been set forth previously, in part, by this Court as follows:

Throughout the time from May 13, 2000, to January 19, 2001, [Appellant] committed numerous counts of burglary, robbery, and rape. [Appellant] was 14 and 15 years old during the time of his offenses. On June 6, 2003, [Appellant] entered a guilty plea [to numerous charges at separate docket numbers, which were consolidated in the trial court], and he was later sentenced to [an aggregate of] 66-150 years' incarceration. This Court affirmed the initial sentence on August 6, 2004.

After the decision by this Court to affirm the original sentence imposed by the trial court, [Appellant] filed a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. The District Court ordered that the trial court resentence [Appellant]. The District Court held that the aggregate sentence of 66-150 [years] violated [Appellant's] rights against cruel and unusual punishment based upon the United States Supreme Court decision in **Graham v. Florida**, 560 U.S. 48, 75 (2010). On October 2, 2013, the trial court resentenced [Appellant] to a new aggregate sentence of 40-80 years' incarceration. **Commonwealth v. Thomas**, 105 A.3d 32 (Pa.Super. 2014) (unpublished memorandum at *1), *appeal denied*, 101 A.3d 786 (Pa. 2014). [On June 12, 2014, this Court] affirmed [Appellant's] second judgment of sentence, finding that it afforded him a reasonable opportunity to be released during his lifetime. [Appellant filed a timely petition for allowance of appeal, which our Supreme Court denied on October 8, 2014. Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.]

On December 3, 2014, [Appellant] filed a *pro se* petition for collateral relief. The court appointed new counsel, and on March 6, 2015, counsel filed an amended PCRA petition, which asserted that [Appellant] was denied effective assistance of counsel during his October 2013 resentencing [hearing. He alleged counsel failed to present readily available evidence of Appellant's maturation, rehabilitation, and improvement since his conviction in 2002-03, at age 15, and in failing to object to the presentence investigation report. Following a hearing, the PCRA court denied the petition.] This Court affirmed the PCRA court's order on August 16, 2016.

On March 25, 2019, [Appellant] filed [another] *pro se* PCRA petition that was later amended….[O]n April 22, 2019, the PCRA

- 3 -

court dismissed the petition as untimely because [it was filed] more than one year after his appeal on his resentencing resolved in this Court.  Moreover, the PCRA court found that [Appellant] did not even allude to any exception to the timeliness requirement.

***Commonwealth v. Thomas***, 225 A.3d 1146, *3-4 (Pa.Super. filed 12/10/19) (unpublished memorandum) (quotation omitted).

On appeal, Appellant failed to recognize his PCRA petition was untimely filed.  Instead, he contended his October 2, 2013, judgment of sentence was manifestly excessive since the sentencing court failed to consider the mitigating circumstances, including Appellant's history of substance abuse, lack of mental capacity, young age at the time of the offenses, and difficult family background.  Concluding the PCRA court did not err in dismissing Appellant's PCRA petition on the basis it was untimely, and Appellant failed to establish an exception to the PCRA's timeliness requirements, we affirmed on December 10, 2019.  ***See id.***  Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 12, 2020.

On or about November 6, 2020, Appellant filed another PCRA petition, which he amended on November 13, 2020, and the PCRA court dismissed Appellant's PCRA petition on November 17, 2020.

On November 4, 2021,[1] Appellant filed the instant *pro se* PCRA petition.[2] Therein, Appellant contended he "file[d] the petition for [collateral] relief under the newly discovered [evidence exception], steming (*sic*) from the new case of **Jones v. Mississippi**, No. 18-12, 59 Decided April 22, 2021."[3] Appellant's PCRA Petition, filed 11/4/21, at 1.

On March 21, 2022, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing on the basis it was untimely filed. **See** Pa.R.Crim.P. 907. On or about April 6, 2021, Appellant filed a response to the PCRA court's Rule 907 notice. Therein, he argued he was entitled to the newly discovered evidence exception and/or the new constitutional right exception in light of **Jones**, **supra**.

---

[1] Although the *pro se* petition was time-stamped and docketed on November 9, 2021, we shall deem the petition to have been filed on November 4, 2021, when Appellant handed the petition to prison officials. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011) (discussing the prisoner mailbox rule).

[2] On or about November 29, 2021, Appellant filed an amended PCRA petition; however, as the PCRA court noted, the amended petition was identical to the November 4, 2021, petition. **See** PCRA Court Opinion, filed 10/20/22, at 2 n.3.

[3] The case to which Appellant refers is **Jones v. Mississippi**, 141 S.Ct. 1307 (2021).

- 5 -

Further, following permission from the PCRA court, on May 12, 2022,[4] Appellant filed an amended PCRA petition. Therein, Appellant averred he had newly discovered evidence regarding Detective John Burkhart, who was the arresting officer in Appellant's case. He averred he had evidence showing a "pattern of how this Detective has been violating people's rights, and [committing] police misconduct concerning a pattern and practice of falsifying evidence and overty (sic) coercive interrogations and investigation tactics resulting in [Detective] Burkhart being charged." Appellant's Petition, filed 5/12/22, at 1. In support of his claim, Appellant attached copies of excerpts from two newspaper articles.

On August 5, 2022, the PCRA court entered an order dismissing Appellant's PCRA petition on the basis Appellant's petition was facially untimely, and he failed to establish he was entitled to any of the exceptions. On or about August 22, 2022, Appellant filed five separate notices of appeal.[5] All Pa.R.A.P. 1925 requirements have been met.

_____

[4] Although the *pro se* petition was time-stamped and docketed on May 17, 2022, we shall deem the petition to have been filed on May 12, 2022, when Appellant handed the petition to prison officials. **See Chambers**, **supra** (discussing the prisoner mailbox rule).

[5] We note that each of Appellant's separate notices of appeal list all five trial court docket numbers, but each has a different docket number highlighted. The notices comply with Pa.R.A.P. 341, which "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket." **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021). **See Commonwealth v. Johnson**, *(Footnote Continued Next Page)*

On appeal, Appellant sets forth the following issue in his "Statement of Question Involved" (verbatim):

> Whether the lower court abused it's (*sic*) discretion when it failed to consider fully all mitigating factors, An (*sic*) buy (*sic*) [Appellant] being deprived of the proper hearings to determine when his sentence could have been corrected and by not accepting that it would be a Brady violation if the District Attorney's Office refuses to give documents of John Burkhart's misconduct and wrongdoing and whether the lower court's (*sic*) of Lancaster County did or did not find beyond a reasonable doubt that [Appellant] was permanently incorrigible, irreparably corrupt or irretrievably depraved, An (*sic*) whether Lancaster County court's (*sic*) dismissal of [Appellant's] petition without a hearing would be in violation being that a sentencing matter cannot be waived.

Appellant's Brief at 4.

Initially, we note the following:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one

_____

236 A.3d 1141, 1145-48 (Pa.Super. 2020) (*en banc*) (finding a single defendant appealing from multiple dockets may include multiple docket numbers on each notice of appeal, but still must file separate notices of appeal for each docket).

year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Here, Appellant was resentenced on October 2, 2013, and this Court affirmed his judgment of sentence on June 12, 2014. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 8, 2014, and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

Accordingly, Appellant's judgment of sentence became final 90 days later, on January 6, 2015, when the time to file a petition for a writ of *certiorari* expired. **See** U.S. Supreme Court Rule 13 (effective January 1, 1990). Appellant filed the instant PCRA petition on November 4, 2021, and consequently, it is facially untimely.

However, this does not end our inquiry as Appellant contends that he is entitled to the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii) since **Jones v. Mississippi**, 141 S.Ct. 1307 (2021), fashioned a new constitutional right that applies retroactively. Initially, Appellant met the threshold of demonstrating he filed the instant petition invoking **Jones** within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). That is, the United States Supreme Court filed **Jones** on April 22, 2021, and Appellant filed his PCRA petition on November 4, 2021. However, assuming, *arguendo*, **Jones** raises a new constitutional right that applies retroactively, Appellant did not satisfy the jurisdictional requirements of Subsection 9545(b)(1)(iii) since he did not present a claim falling within the ambit of the Supreme Court's decision in **Jones**. **See Commonwealth v.**

***Furgess***, 149 A.3d 90, 93-94 (Pa.Super. 2016) (holding the appellant's petition did not satisfy the jurisdictional requirements of Section 9545 because the petition did not present a claim falling within the ambit of the Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), and, thus, did not fall under the "newly recognized constitutional right" exception).

***Jones*** reiterated the principle that a life without parole sentence ("LWOP") for a juvenile homicide offender meets the requirements of the Eighth Amendment so long as the sentence is part of a sentencing scheme in which the sentencer has the discretion to impose a sentence less than LWOP. ***Jones***, 141 S.Ct. at 1311. In addition, the sentencing scheme only requires the sentencer to consider the juvenile homicide offender's "youth and attendant characteristics" to meet the requirements of the Eighth Amendment. ***Id.*** at 1314 (quotation omitted). The U.S. Supreme Court concluded the Eighth Amendment does not require a sentencer to make a separate factual finding of "permanent incorrigibility," and, thus, the Court rejected the need for the sentencer to make "an on-the-record sentencing explanation with an implicit finding of permanent incorrigibility" to be legal under the Eighth Amendment. ***Id.*** at 1319. The ***Jones*** decision did not preclude the States from imposing additional sentencing limits in cases involving murderers under eighteen years old. ***Id.***

In the case *sub judice*, Appellant did not commit homicide, and upon resentencing, he was not given a LWOP sentence. Despite these factual

distinctions from **Jones**, Appellant contends **Jones** is applicable to his case since it mandates the sentencer is required to make a finding of "permanent incorrigibility" before imposing any sentence in a non-homicide case. However, we agree with the PCRA court that "[t]here is simply no support in the **Jones** decision for [this] contention[.]" PCRA Court Opinion, filed 10/20/22, at 6. Thus, since Appellant's petition did not present a claim falling within the ambit of **Jones**, he did not demonstrate his entitlement to the "newly recognized constitutional right" exception in Subsection 9545(b)(1)(iii).[6]

Appellant next contends he is entitled to the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) pertaining to newly discovered facts.

> To establish the newly discovered fact timeliness exception in [Sub]section 9545(b)(1)(ii), a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered

---

[6] Appellant also relies on **Jones** in advancing his contention that he is entitled to the newly discovered facts exception set forth in Subsection 9545(b)(1)(ii). He reasons that his "discovery" of **Jones** meets the requirements of Subsection 9545(b)(1)(ii).

We dispose of Appellant's assertion by noting the well-established principle that judicial decisions do not qualify as previously unknown facts. **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (holding a judicial opinion does not qualify as a previously unknown fact capable of triggering the timeliness exception set forth in Section 9545(b)(1)(ii) of the PCRA).

facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

"The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." **Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa.Super. 2012) (citation omitted). Accordingly, we must determine whether Appellant has established both that "there were facts unknown to him and that he exercised due diligence in discovering those facts." **Brown**, 111 A.3d at 176.

Appellant contends he is entitled to the newly discovered facts exception due to alleged police misconduct committed by Detective Burkhart. Specifically, Appellant avers:

> [Detective] Burkhart violated a number of witnesses' rights when he…questioned them,…[including] Vanessa J. Rodriguez, Robert Thomas, Charles Thomas, Sekou Roy, Lamont M. Jackson, [and] Shaw Smith, [who] are stating that Burkhart had used false statements by [these] witnesses to charge [Appellant] and used theating (*sic*), overty (*sic*) coercive interrogations and investigation tactics which [Appellant alleges constitutes] [n]ewly [d]iscovered [e]vidence that could bring to light all that Burkhart had done to strong arm witnesses to testify [against Appellant], which was violations by Mr. Burkhart at the time and he was investigating [Appellant's] case and at the time Burkhart was already under investigation for taking his work hand gun and hitting a young man with it, this was a misconduct inwhich (*sic*) was put in the newspapers when he was charged as of the investigation that he is under now.

\*\*\*

- 12 -

[Appellant] is entitled to a new trial based upon newly discovered evidence of relevant police misconduct by arresting and testifying office (*sic*) John Burkhart[, who] has Tempered (*sic*) with or [f]abricated physical evidence in the past and abused his position of hte (*sic*) public and the people in his community and defrauded the citizens of Lancaster County, and the Lancaster County Ploice (*sic*) Department. [Appellant] moves under the [PCRA] for a new trial based on the new exculpatory evidence that was not previously available to [Appellant], that which could of not been discovered through the exercise of Due Diligence, and has been timely persented (*sic*) and which, when considered alone or in connection with other exculpatory evidence that was previously before the court, because it would "Likely" result in a different outcome[.]

[Appellant] states that he is entitled to a new trial based upon newly discovered evidence of said ex-detective John Burkhart's Police Misconduct that concerns a pattern and practice of falsifying evidence and overty (*sic*) coercive interrogations and investigations tactics resulting in Burkhart being charged, in which "NO" one person can know or determming (*sic*) when or how long Burkhart was tempering (*sic*) with records and or fabricating physical evidence. [Appellant] states that all evidence handled by John Burkhart should be reviewed and all cases should be re-looked at for any violations because without Burkhart fabricating and tempering (*sic*) with evidence it would have been a different outcome of the case.

Appellant's Brief at 12-13.

Initially, to the extent Appellant contends he has newly discovered evidence that Detective Burkhart forced various witnesses, including Vanessa J. Rodriguez, Robert Thomas, Charles Thomas, Sekou Roy, Lamont M. Jackson, and Shaw Smith, to lie, we note that, aside from Appellant's bald allegation, Appellant proffered no evidence in support thereof. We specifically note he did not attach a signed certification to his amended PCRA petition such as would have supported a request for an evidentiary hearing. ***See***

*Commonwealth v. Brown*, 767 A.2d 576, 582 (Pa.Super. 2001) ("[W]here a petitioner requests an evidentiary hearing,…the petition must include…a signed certification as to each intended witness and the petitioner must also provide the witness's name, address, date of birth and the substance of the proposed testimony."); 42 Pa.C.S.A. § 9545(d)(1).[7] Further, he has failed to demonstrate why he could not have learned the witnesses allegedly lied to the police "earlier with the exercise of due diligence." *Brown*, 111 A.3d at 176. Simply put, Appellant raised this claim for the first time in his May 12, 2022,

---

[7] This rule relevantly provides:

> **(d) Evidentiary hearing.--**
> (1) The following apply:
> (i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.
> (ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and postconviction counsel.
> (iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1) (bold in original).

- 14 -

amended petition, which was filed almost nineteen years after Appellant entered his guilty pleas.

To the extent Appellant contends he has newly discovered evidence that Detective Burkhart engaged in a pattern of misconduct, including "a pattern and practice of falsifying evidence and overty (*sic*) coercive interrogations and investigations tactics resulting in [Detective] Burkhart being charged[,]" we note Appellant relies exclusively upon two excerpts of newspaper articles,[8] which he attached to his amended petition. Appellant's Brief at 13.

We conclude Appellant has not met the initial threshold of proving he raised this claim within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Notably, the newspaper articles

---

[8] The newspaper articles contain allegations of misconduct occurring in cases unrelated to Appellant's case. For instance, one of the newspaper articles contains information indicating that (1) Detective Burkhart falsified information in a detective's report, which resulted in an internal investigation; (2) Task force detectives executed a search warrant in a case without informing local police; (3) Detective Vance left a bag of seized cocaine in his desk for nearly 10 months without destroying it as instructed by his supervisor, Detective Burkhart, and as a result, Detective Vance was placed on administrative leave; (4) Approximately $150,000 of drug forfeiture money was missing, and the matter had been referred to Attorney General Josh Shapiro's office; (5) The incidents led to the termination of Detective Burkhart, who was challenging the termination with the assistance of the detectives' union; (6) Detective Burkhart made statements that the true motive for his termination related to him making statements critical of the Lancaster County commissioners; and (7) The newly elected prosecutor wanted to fire the detective because she did not like his tone during meetings.

In the other newspaper article, it was reported that Detective Burkhart was fired for allegedly falsifying a report and demonstrating poor managerial skills. The article revealed Detective Burkhart was contesting his termination on the basis it was politically motivated, and he denied any misconduct.

contain no dates and do not identify the newspapers in which the articles allegedly appeared. However, the PCRA court noted it was taking judicial notice of the fact the articles were published on or around June 12, 2020. **See** PCRA Court Opinion, filed 10/20/22, at 8 n.5. Still, Appellant did not raise his claims based on the newspaper articles until May 12, 2022, when he filed his amended PCRA petition.[9] Appellant has offered no explanation as to why he did not present his claim within one year of the date the claim could have been presented.[10] 42 Pa.C.S.A. § 9545(b)(2).

For all of the foregoing reasons, we agree with the PCRA court that Appellant's instant PCRA petition is facially untimely, and Appellant failed to plead and prove any of the timeliness exceptions. Thus, we affirm.

_____

[9] Even if we consider the date Appellant initially filed his instant PCRA petition, November 4, 2021, and giving Appellant the benefit of the PCRA court taking judicial notice of the fact the newspaper articles were published on or about June 12, 2020, Appellant has failed to demonstrate he raised his claim within one year of the date the claim could have been presented.

[10] Also, we note Appellant provides no date as to when he allegedly learned of the newspaper articles; but rather, he indicates he filed his petition within a few weeks of the publication of the newspaper articles. However, given the articles contain no dates, and the PCRA court took judicial notice of the fact the newspaper articles were published on or about June 12, 2020, Appellant has not met his burden. Further, he contends he learned about the articles when his daughter told him, but he provides no date as to when this alleged communication occurred.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2023